UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CR605 CDP |
| | ) | (FRB) |
| GREGORY BRANDON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM, ORDER,
REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

1. <u>Defendant's Motion To Suppress Statements</u> (Docket No. 19)

Testimony and evidence was adduced on the defendant's motion at the hearing before the undersigned on November 29, 2007. On the testimony and evidence adduced at the hearing the undersigned makes the following findings of fact and conclusions of law:

<u>Findings of Fact</u>

On March 13, 2007, Detective Matthew Brillos, of the St. Louis County, Missouri, Police Department applied for and obtained a warrant to search a residence at 7447 Sir Lords Lane, St. Louis County, Missouri 63042. The warrant authorized a search for and seizure of evidence, including computers, relating to the

possession and distribution of child pornography. (See Government's Exhibits 1 and 2).

On that same date officers of the St. Louis County Police Department executed the search warrant at the residence. Inside the residence at the time of the execution of the warrant were the owner of the residence, the owner's daughter and son-in-law and their children. The son-in-law is Gregory Brandon, the defendant here. After the initial entry into the residence by the officers the residents were escorted outside. While standing outside Detective Brillos first spoke with the owner of the property. He then spoke with Gregory Brandon. Detective Brillos told Brandon why the officers were there and the nature of the investigation. Detective Brillos then advised Brandon that he had the right to remain silent, that anything he said could be used against him; and that he had the right to speak with an attorney and to have an attorney present during questioning if he wished. Detective Brillos then asked Brandon if he understood his rights and Brandon said that he did. Brandon then told Detective Brillos that he didn't want to put his family out any further and said that he had downloaded child pornography to his computer. Brandon was not handcuffed or otherwise restrained when Detective Brillos spoke with him. Detective Brillos did not have his weapon drawn and made no threats or promises, nor used any force to induce Brandon to speak with him. The questioning took place in front of Brandon's

residence which was located in a residential neighborhood.

After Brandon's admission that he had downloaded child pornography to his computer Detective Brillos asked Brandon if he would accompany the detective to the police station to further discuss the matter. Brandon agreed and Detective Brillos then drove with Brandon to the police station in his unmarked police car. Detective Brillos drove and Brandon rode in the front passenger seat. Brandon was not handcuffed or otherwise restrained during the drive to the police station. During the drive Brandon began to discuss the matters under investigation but Detective Brillos instructed Brandon to wait until they got to the police station to discuss the matter so that his statement could be tape-recorded.

Upon arriving at the police station Detective Brillos and Brandon went to an interview room. Detective Brillos then again advised Brandon of his rights. Detective Brillos presented to Brandon a written form advising Brandon that he had the right to remain silent; that anything he said could be used against him; that he could speak with an attorney before being interviewed and to have an attorney present during the interview; and that if he could not afford an attorney, one could be appointed for him. Brandon read the form and placed his initials on the form next to each of the rights. Brandon then signed that portion of the form stating that he had read the form and understood his rights; that

he was willing to answer questions without a lawyer. He also acknowledged that no threats or promises had been made to him and that no pressure or coercion had been used against him. (See Government's Exhibit 3).

Brandon then made statements and answered questions put to him by Detective Brillos. The interview was audiotape recorded with the knowledge of Brandon on a recorder which was on the table in the interview room. Brandon was not handcuffed or otherwise restrained during the interview. Detective Brillos did not make any threat or promises or use any force to induce Brandon to waive his rights or make any statements. Following the interview Brandon was booked and processed and then released.

## Discussion

As grounds to suppress the statements made by him to Detective Brillos on March 13, 2007, the defendant asserts in his motion that he was "in custody" at the time the statements were made; that he was not advised of his constitutional rights prior to being interrogated; that his invocation of his right to remain silent and to have counsel present were not honored; that the statements were the result of an unlawful arrest; that the statements were not voluntary because coerced and induced by promises of leniency by law enforcement officials; and that he was not presented before a Magistrate "as soon as practicable." These assertions are not supported by the evidence adduced at the

hearing.

The defendant claims that he was "in custody" of police officers at the time he made statements to Detective Brillos; that he was not advised of his rights before being questioned by Detective Brillos, and that the defendant invoked his right to remain silent and to have counsel present during questioning.

In Miranda v. Arizona, 384 U.S. 436 (1966) the Supreme Court held that before questioning a person in custody law enforcement officials must advise the person that he has the right to remain silent; that any statements he makes may be used against him at trial; that he has the right to have an attorney present during questioning; and that if he cannot afford an attorney one will be appointed for him. Id. at 478-79. The officials may question the person after so advising him if the person voluntarily, knowingly and intelligently waives these rights and agrees to answer questions put to him by the officials. Absent such advice and waiver, statements obtained through interrogation of a person in custody are not admissible against the person at trial. Id. at 479.

The proscriptions of Miranda apply only when the person questioned is "in custody." Illinois v. Perkins, 496 U.S. 292, 297 (1990). A person is in custody within the meaning of Miranda when, under the totality of the circumstances, "a suspect's freedom of action is curtailed to a 'degree associated with formal arrest.'"

Berkemer v. McCarthy, 468 U.S. 420, 440 (1984); California v. Beheler, 436 U.S. 1121, 1125 (1983).  In determining whether a person was in custody at the time of questioning the court must examine the objective circumstances surrounding the interrogation, Stansbury v. California, 511 U.S. 318, 323 (1994), and to determine from those circumstances "how a reasonable (person) in the suspect's position would have understood his situation."  Berkemer v. McCarthy, 468 U.S. at 442.

Miranda does not apply if the person is not in custody, even if the person is suspected of criminal activity or is a focus of the investigation.  Oregon v. Mathiason, 429 U.S. 492, 495 (1977); Beckwith v. United States, 425 U.S. 341, 345 (1976).

In United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir. 1990), the Eighth Circuit Court of Appeals identified a number of factors which the court has looked to in determining whether a person is in custody within the meaning of Miranda.  Those factors are as follows:  (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems

were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning. Id.

Application of these factors, and considering the totality of the circumstances, leads to the conclusion that the defendant was not "in custody" within the meaning of Miranda, at any time when he was questioned by and made statements to Detective Brillos. While the defendant was not told that he was not under arrest, neither was he told that he was under arrest. Detective Brillos did nothing to curtail the defendant's freedom of movement during the encounter. During the initial questioning at the defendant's residence, members of the defendant's family were present during the interview. No weapons were displayed while the defendant was being questioned, nor was the defendant handcuffed or otherwise restrained during the interviews. Detective Brillos explained to the defendant the nature of the investigation and the defendant agreed to answer questions. There is no evidence that any officer made any threats or promises to the defendant during the interviews or that any undue psychological pressure was brought upon him. Upon conclusion of the interviews the defendant was allowed to leave and remain at large. The defendant was not placed under arrest at any time.

The mere fact that Detective Brillos asked the defendant to go to the police station for a more formal interview, to which

the defendant agreed, and that the second interview took place at the police station did not render the defendant "in custody" within the meaning of Miranda. California v. Beheler, 463 U.S. 1121, 1125 (1983); Oregon v. Mathiason, 429 U.S. 492, 495 (1977).

Even though the defendant was not in custody at the time of questioning Detective Brillos nevertheless advised the defendant of his rights as set out in Miranda. He did so orally before questioning the defendant outside the defendant's residence. Brandon said that he understood those rights. Once at the station house Detective Brillos again advised the defendant of his Miranda rights, this time using a written form which the defendant signed, acknowledging that he had been advised of his rights, understood them, and that he agreed to answer questions without a lawyer present. All of these circumstances demonstrate that the defendant voluntarily, knowingly and intelligently waived his Miranda rights. North Carolina v. Butler, 441 U.S. 369, 373 (1979); United States v. Ingram, 839 F.2d 1327, 1329 (8th Cir. 1988).

In his motion the defendant asserts that he invoked his right to remain silent and to the presence of counsel at any questioning. The evidence adduced at the hearing does not support this assertion, and indeed, contradicts it.

The defendant also asserts in his motion that the statement was the result of his unlawful arrest. However, the evidence adduced at the hearing shows that the defendant was not

-8-

under arrest at the time of any questioning, and this claims has no merit.

      The defendant asserts in his motion that his statements were not voluntary and that they were made as a result of threats and promises made by police officers. Again, these assertions are not supported by, and are contradicted by, the credible evidence adduced at the hearing. The defendant signed a written form stating that "No promises or threats have been made to me and no pressure or coercion of any kind has been used against me." Neither defendant's waiver of his rights and his statements made thereafter were the result of any threats, promises or other coercion. The waiver of rights and statements were therefore voluntary. Colorado v. Connelly, 479 U.S. 157 (1986).

      Lastly, as grounds to suppress the statements made by him, the defendant asserts that he was not presented before a magistrate "as soon as practicable." This is an apparent reference to Rule 5(a)(1)(A), Federal Rules of Criminal Procedure, which requires that an arrested person be taken "without unnecessary delay before a magistrate judge," and 18 U.S.C. § 3501 which lists delay in bringing a defendant before the Court as a factor to be used in determining the voluntariness, and thus admissibility, of a confession. However, these provisions are not applicable in the circumstances here because the defendant was interviewed by a state officer on state charges at the time he made the statements which

the government seeks to offer here. No federal charge was brought against the defendant until October, 2007, months following the date of the interviews. Therefore, there was no obligation to bring him before a federal magistrate on the date of the interviews. See United States v. Alvarez-Sanchez, 571 U.S. 350 (1994); United States v. Pugh, 25 F.3d 669, 674-75 (8th Cir. 1994).

## Conclusion

For all of the foregoing reasons the defendant's Motion To Suppress Statements should be denied.

2. Motion To Suppress Physical Evidence Seized Per A Search Warrant (Docket No. 20)

Subsequent to the filing of this motion the defendant filed a memorandum with the court requesting that he be granted leave to withdraw the motion. (See Docket No. 29). Therefore, the defendant's motion will be ordered withdrawn.

3. Defendant's Motion For Discovery Per Rule 16 Of The Federal Rules Of Criminal Procedure (Docket No. 17)

At the hearing on the defendant's motions counsel for the defendant informed the court that the government had provided the material and information sought in his motion and that the motion was moot. Therefore, the defendant's motion will be denied as moot.

4. Defendant's Motion To Dismiss (Docket No. 18)

In his motion the defendant avers that the pending indictment should be dismissed because the statute under which he

-10-

is charged is unconstitutional because vague and overbroad, and therefore violates the due process and double jeopardy clauses of the Fourth and Fifth Amendments and the free speech and expression clause of the First Amendment. In support of the claim he simply cites the court to the United States Supreme Court decision in Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002). In Ashcroft the Supreme Court found Sections 2256(8)(B) and 2256(8)(D) of Title 18 of the United States Code to be unconstitutional. As the government correctly notes in its response to the defendant's motion, the defendant is not charged with violations of those portions of the statute. The defendant is charged with possession of child pornography as defined in Sections 2256(8)(A) and 2256(8)(C) Title 18 of the United States Code, and notes that these portions of the statute have been found to be constitutional. Osborne v. Ohio, 495 U.S. 103 (1990); New York v. Ferber, 458 U.S. 747 (1982); United States v. Bach, 400 F.3d 622 (8th Cir.), cert. denied, ___ U.S. ___, 126 S.Ct. 243 (2005).

Therefore, the defendant's motion should be denied.

5. Defendant's Motion Of Waiver Of A Speedy Trial
   (Docket No. 16)

The defendant filed a document as captioned above. In the document he asserts that he "waives his right to a speedy trial" and appears to request that the court grant him sufficient time to investigate the charges and to prepare for trial. The ruling on this motion will be reserved and left to the discretion

of the trial court in determining a trial setting.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion To Suppress Physical Evidence Seized Per A Search Warrant (Docket No. 20) is withdrawn.

**IT IS FURTHER ORDERED** that Defendant's Motion For Discovery Per Rule 16 Of The Federal Rules Of Criminal Procedure (Docket No. 17) is denied as moot.

**IT IS HEREBY RECOMMENDED** that Defendant's Motion To Suppress Statements (Docket No. 19) be denied.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Dismiss (Docket No. 18) be denied.

**IT IS FURTHER RECOMMENDED** that the Defendant's Motion Of Waiver Of A Speedy Trial (Docket No. 16) be reserved to be ruled by the District Court.

The parties are advised that they have to and including **March 3, 2008,** days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

                                                                  *Frederick R. Buckles*
                                                                  UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of February, 2008.